Carey *vs.* Rice.

No. 59.—CAREY assignee of the Bank of Columbus, defendant in error *ads.* RICE, receiver of the assets of the Bank of Macon, plaintiff in error.

[1.] The security on the appeal is a necessary party to a writ of error to the Supreme Court.

[2.] The writ of error may be amended by adding a necessary party at any time during the term of the court to which the writ is returnable, by procuring the assent of such party, and his waiver of the ten days notice of the signing the bill of exceptions, required by the 4th section of the act organizing the Supreme Court.

[3.] The court will not continue a case until the next succeeding term, for the purpose of permitting a party to amend his writ of error; the constitution and the act organizing this Court, require all cases to be disposed of at the first term, except for providential cause.

Motion to dismiss the writ of error for non-joinder. In the Supreme Court of the State of Georgia. Hawkinsville, June Term, 1847.

The facts are as follows:

A bill was filed by Rice as the receiver of the assets of the Bank of Macon, against the Bank of Columbus and several other parties, some of whom resided in the county of Twiggs at the time, in the Superior Court of which county the suit was brought. Upon the first trial, Rice obtained a decree against the Bank of Columbus, from which an appeal was entered by the Bank giving Leroy Napier as security on the appeal. Upon the appeal trial Rice obtained a decree against the Bank, and Napier the security, for a large amount.

The Bank having failed, its assets, rights, claims and effects of every description, were assigned to Carey for the benefit of its creditors; and he filed a bill of review, to review, reverse, and set aside the decree.

In the bill of review Napier, the security on appeal, did not join; but it appeared on the face of complainant's bill, and the exhibits attached thereto, he was such security.

The bill of review was demurred to, and upon argument before Judge Scarborough the demurrer was overruled, and the counsel for the plaintiff in error sued out this writ of error, omitting to make Napier a party thereto.

The non-joinder of Napier therefore, is the ground of the motion to dismiss.

Carey *vs.* Rice.

CHAPPELL & POE, for the motion.

McDONALD & BAILEY, *contra.*

His Honour Judge LUMPKIN, being a stockholder of the Bank of Columbus, gave no opinion.

*Per Curiam*—WARNER, J. delivering the opinion.

This is the fourth time this question has been presented for the decision of this Court during the present year, and we have uniformly held, that the security on the appeal was a necessary party to the writ of error. In the exercise of abundant caution we have re-examined the question, and the result is, that our former adjudications have been in our judgment correct, both on principle and authority.

"All parties against whom judgment is given, ought regularly [1.] to join in error." 6 *Com. Dig. Title Pleader, B.* 443. Serjeant Williams in his notes to the case of *Jaques* vs. *Cæsar,* 2 *Saund. R.* 101, says, "It seems to be a settled rule, that the writ must be brought in the names of *all* the parties against whom the judgment is given that it may agree with the record, for where there is judgment against several, if one alone should be permitted to bring a writ of error, every defendant might bring a writ of error and delay the plaintiff from his execution for a long time; and the writ so brought by one or more of the defendants only, may be quashed." *Andrews et al.* vs. *Bosworth,* 3 *Mass. R.* 223 ; *Porter* vs. *Rummery, in error,* 10 *Mass. R.* 74. In Porter *vs.* Rummery, the court emphatically declare "Every person to be directly affected in his interests or rights by the judgment of a court of record, is entitled to be named or described in the suit, to have notice of it, and an opportunity of being heard and defending his rights."

In the case of *Deneale et al.* vs. *Stump's executors,* 8 *Peters R.* 526, the writ of error was dismissed because it was brought in the name of "Mary Deneale and *others*," without stating the names of the others as should have been done.

Besides, this rule prevents a multiplicity of suits by requiring all the parties in interest to be brought before the court, that their rights may be settled by the judgment of the court without further litigation. It is the policy of the law, and should always be a favourite object with the administrators of it, to curtail litigation as

52

Carey *vs*. Rice.

much as possible; not only the law, but justice and the interests of the people require it.

It appears from the record in this case, that at April Term, 1845, of Twiggs Superior Court, a decree was entered in favour of Charles H. Rice, as receiver of the assets of the Bank of Macon, against Edward Carey assignee of the Bank of Columbus, and Leroy Napier his security on appeal, for the sum of $11,001 05 principal, and the sum of $10,025 75 interest, besides costs of the suit, and that execution issued against them therefor, in pursuance of the provisions of the statute in such cases made and provided. Subsequently Carey, the original defendant in the decree, filed a bill of review alleging error apparent on the face of the decree, and praying for a reversal of the same. To this bill of review a demurrer was filed, which was overruled by the Court below; to which decision of the Court, the defendant in the bill of review excepted, which brought the case before this Court.

A motion is now made to dismiss the writ of error on the ground, that Napier the security on the appeal in the original suit, is not made a party to the writ of error, founded on the bill of exceptions in the Court below. Was Napier, the security on the appeal against whom the original decree was rendered, interested in the decision of the Court below, upon the demurrer to the bill of review? If he was interested in that decision, or if his rights would have been affected by it, then, according to the rule which we have established, he was a *necessary party* to the writ of error; was entitled to be heard, and to defend his rights.

By the original decree he was bound equally with Carey, his principal, for the payment of it, and execution had actually been issued against them therefor. The bill of review was filed to vacate that decree for error apparent on its face; and when vacated and set aside, of course relieved Napier from the payment of it. The effect of the judgment of the Court below overruling the demurrer, *was to vacate and annul the decree.* "If a demurrer be put in to a bill to reverse a decree on error apparent, and the demurrer is overruled, the decree is reversed, and the errors allowed, and no further answer or hearing is necessary." 2 *Smith Ch. Pr.* 55, 56.

By the decision of the Court below upon the demurrer, the original decree was reversed; which released Napier from his liability to pay it. Now it is sought by the plaintiff in error in this Court, to reverse the decision of the Court below upon the demurrer which released Napier from his liability, for the purpose of re-

establishing it. For if the judgment of the Court below, over-ruling the demurrer, shall be reversed by this Court, then the legal effect thereof will be to render Napier liable for the payment of twenty-odd thousand dollars, from which he is now, by the decision of the Court below, discharged.

In our judgment Napier, as the security on the appeal, against whom the decree sought to be reversed by the bill of review was rendered, is directly interested in the judgment which this Court may give upon the assignment of errors to the decision of the Court below, and therefore ought to have been made a party to the writ of error.

This case comes fully within the principle of the cases heretofore adjudicated by this Court, on three similar motions to dismiss the writ of error for non-joinder of proper parties. Let the writ of error be dismissed.

Before the judgment of the Court dismissing the writ of error in the above case was formally entered on the record, a motion was made by counsel for the plaintiff in error, to amend the writ, so as to make Napier a party, and for a continuance of the cause until the next term of the Court.

After considering the motion, Warner, Judge, delivered the opinion of the Court.

There is no doubt writs of error may be amended so as to [2.] embrace the proper parties. Before the statute, 5 George I, writs of error were not amendable; but by that act which was passed prior to the year 1776, such writs may be amended. *Tidd Pr.* 1093; *Clapp* vs. *Bromagham*, 8 *Cow. R.* 746; 9 *Cow. R.* 304. To authorize the Court, however, to make Napier a party to the writ of error, his consent must be produced, and a waiver of the ten days notice to which he is entitled of the signing the bill of exceptions, acording to the fourth section of the act organizing this Court; but the Court has no discretion in granting a continuance of the cause until the next term of the Court.

There is no one feature more indelibly stamped on the face [3.] of the constitution and the act of the legislature organizing this Court, than that which prohibits all delay in the trial of causes which are brought before it. Delay in the decision of causes in the Supreme Court, was one of the prominent evils urged against its organization; and we have endeavoured faithfully to carry out the will of the legislature in this particular, by closing all the avenues which might lead to such a result.

Nor do we think the view taken by the legislature to secure the prompt administration of justice to the citizens, by any means unwise or impolitic. 'Our experience in courts of justice admonishes us of the necessity, as well as propriety, of guarding against all delay in the settlement of individual rights, except for providential cause. It prevents the wealthy and strong from overpowering and exhausting the poor and the weak, by protracted and expensive litigation. It secures a final decision of the cause while all the facts are fresh in the recollection of the witnesses, and while the witnesses are in life to give the facts in evidence.

The amended constitution declares, " And the said Court shall, at each session in each district, dispose of and finally determine each and every cause on the docket of said Court at the first term after such writ of error brought; and in case the plaintiff in error in any such case shall not be prepared at such first term of such Court, after error brought, to prosecute the same, unless precluded by providential cause from such prosecution, it shall be stricken from the docket, and the judgment below shall stand affirmed."

The fourth section of the act organizing the Court declares, " That the Supreme Court shall hear and determine, at the *first term* of each Court, all such cases in law and equity as may be brought from any of the Superior Courts of this State, within the district as created by this act, for which said Supreme Court is holden."

The fifth section also declares, " That the Supreme Court shall proceed at the first term (unless prevented by providential cause). to hear and determine each and every cause which may be sent up from the Court below upon the record and bill of exceptions, on the grounds therein specified, and on no other grounds."

The same act further declares, that the bill of exceptions to the decision of the judge of the Superior Court shall be submitted to him, to be certified and signed " *within four days after the trial of the cause in which the decision or sentence has been had.*" The party complaining of error is required by the act, " within four days after the term at which the exceptions were taken," to pay all costs, and give security to pay the eventual condemnation money, and all subsequent costs.

Notice of the signing the bill of exceptions is also required to be given to the adverse party, or his counsel, " within ten days after, the same shall have been done, and filed in the clerk's office immediately thereafter." The clerk of the Superior Court is also re-

quired to certify and send up to the Supreme Court a complete transcript of the entire record of the cause and bill of exceptions, "within ten days after he shall have received the original notice, with the return of service thereon."

Thus it will be seen, that by the constitution creating the court, and the act organizing it, all delay in the prompt administration of justice was intended to be avoided, except for providential cause; and certainly we have no disposition on our part to open a door by which this wise and beneficial intention may be frustrated. The motion therefore to continue the cause until the next term of the court is overruled.

On the application of the counsel for the plaintiff in error, to give them during the term to amend their writ, the Court said it would give them all the time to perfect their record by amendment which the constitution and the law would authorize, and if they could amend during the term, they might have the indulgence of Court to do so.

After having disposed of all the other business before the Court, and the writ of error not having been amended, the order for dismissing the plaintiff's writ of error was granted by the Court.

Writ of error dismissed.